**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1701-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MOHAMED BAYOUMI,

    Defendant-Appellant.

_____

Submitted April 8, 2024 – Decided April 15, 2024

Before Judges Sabatino and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 18-10-1418.

Jennifer Nicole Silletti, Public Defender, attorney for appellant (Craig S. Leeds, Designated Counsel, on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Nancy Anne Hulett, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Mohamed Bayoumi appeals from a November 28, 2022 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

We incorporate the facts leading to defendant's conviction and sentence from our decision on defendant's direct appeal, State v. Bayoumi, No. A-0163-20 (App. Div. June 1, 2021) (slip op. at 1), certif. denied, 249 N.J. 107 (2021), where we affirmed defendant's conviction and aggregate sentence to an eleven-year prison term, subject to an eighty-five percent period of parole ineligibility.

The victim worked at the Caravan Motor gas station in Avenel where he attended the gas pumps and sold various items from a small booth. On August 30, 2018, he was approached by a "shorter," "thin" man sporting a "light beard" wearing an "extra[-]long" white, dotted t-shirt and white pants. The man asked to purchase a pack of cigarettes, but when the victim went to retrieve the cigarettes, the man followed him into the booth, pressed what appeared to be a gun wrapped in black electrical tape into the victim's body, and demanded money. The victim resisted, and the man fled.

After defendant was arrested two-blocks away by an officer who received a description of defendant and his direction of flight, a show-up occurred and defendant was identified by the victim. Although defendant was not in actual

possession of a weapon, an imitation firearm was located nearby and was found to contain defendant's DNA in two places.

The incident was captured by Caravan's security cameras. Although officers viewed the video at the gas station, for unknown reasons when it was downloaded, no video was captured. Prior to trial, the prosecutor advised the judge she did not intend to use what was obtained from the surveillance cameras and did not intend on calling the police officers who watched the footage at the gas station. Defense counsel insisted this evidence be presented so the jury would learn "there [had been] a video" but they "[would]n't [be able to] see it." The trial judge informed defense counsel if she chose to "open up that Pandora's box" he would not "preclude the State then from asking a witness what he had seen on that video before it was lost." After defense counsel raised the issue in front of the jury, the State called the two officers who viewed the video at the gas pumps, and they testified to their observations. After a three-day jury trial, defendant was convicted of second-degree robbery, N.J.S.A. 2C:15-1(a)(2), and fourth-degree possession of a weapon for unlawful purpose, N.J.S.A. 2C:39-4(e).

Defendant then filed a direct appeal, which primarily addressed the issue of the lost surveillance video and the officers' testimony regarding the content

of the video.  We held these arguments were barred by the invited error doctrine, which precludes a party from attacking on appeal the very outcome sought in the trial court.  State v. Bayoumi, No. A-0163-20 (App. Div. June 1, 2021) (slip op. at 6).  Defendant then timely filed a PCR petition, arguing the court should vacate his conviction and grant him a new trial because he received ineffective assistance of trial counsel.  On November 28, 2022, his petition was denied without an evidentiary hearing.

Defendant appeals from that denial and argues the following:

POINT I

[DEFENDANT] WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE UNITED STATES AND NEW JERSEY CONSTITUTIONS AND THE LOWER COURT ERRED IN CONCLUDING OTHERWISE.

A.	TRIAL COUNSEL WAS INEFFECTIVE BY OPENING THE DOOR TO TESTIMONY REGARDING THE CONTENTS OF THE SURVEILLANCE VIDEO.

B.	TRIAL COUNSEL WAS INEFFECTIVE BY REFUSING TO ALLOW [DEFENDANT] TO TESTIFY ON HIS OWN BEHALF.

C.	TRIAL COUNSEL WAS INEFFECTIVE FOR THE REASONS SET

FORTH IN [DEFENDANT'S] PRO SE PETITION.

D. THE CUMULATIVE EFFECT TRIAL COUNSEL'S INEFFECTIVE REPRESENTATION RENDERED THE TRIAL UNFAIR.

POINT II

THE LOWER COURT ERRED IN DENYING [DEFEDANT'S] PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING.

I.

PCR "is New Jersey's analogue to the federal writ of habeas corpus." State v. Afanador, 151 N.J. 41, 49 (1997) (citing State v. Preciose, 129 N.J. 451, 459 (1992)). It provides a "built-in 'safeguard that ensures that a defendant was not unjustly convicted.'" State v. Nash, 212 N.J. 518, 540 (2013) (quoting State v. McQuaid, 147 N.J. 464, 482 (1997)). It affords a defendant a final opportunity to raise any legal error or constitutional issues, including a violation of the right to effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution. Afanador, 151 N.J. at 49; McQuaid, 147 N.J. at 482. "Ordinarily, PCR enables a defendant to challenge the . . . final judgment of conviction by

5

presenting contentions that could not have been raised on direct appeal." Afanador, 151 N.J. at 49 (citing McQuaid, 147 N.J. at 482-83).

Ineffective assistance of counsel claims must satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by the New Jersey Supreme Court in State v. Fritz, 105 N.J. 42, 57-58 (1987). The Strickland/Fritz test requires a petitioner to show: (1) the particular way counsel's performance was deficient; and (2) that the deficiency prejudiced their right to a fair trial. Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 58.

To satisfy the first Strickland prong, the defendant must show counsel's performance was deficient by demonstrating counsel's handling of the matter "fell below an objective standard of reasonableness" and "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 688. This is because there is a strong presumption counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. Therefore, counsel's errors "even if professionally unreasonable," will not require setting aside a judgment if they had no effect on the judgment. Id. at 691. "[T]he quality of counsel's effectiveness [cannot] fairly be assessed by focusing on a handful of issues, while ignoring the totality

of counsel's performance in the context of the State's compelling evidence of defendant's guilt." State v. Marshall, 123 N.J. 1, 165 (1991).

To satisfy the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." State v. Gideon, 244 N.J. 538, 550-51 (2021) (alteration in original) (quoting Strickland, 466 U.S. at 694). "Prejudice is not to be presumed." Id. at 551 (citing Fritz, 105 N.J. at 52). "The defendant must 'affirmatively prove prejudice.'" Ibid. (quoting Strickland, 466 U.S. at 693). A defendant must demonstrate "how specific errors of counsel undermined the reliability" of the proceeding. United States v. Cronic, 466 U.S. 648, 659 n.26 (1984).

Defendants are entitled to evidentiary hearings if they present a prima facie case supporting PCR, the court determines there are material issues of fact that cannot be resolved based on the existing record, and the court finds an evidentiary hearing is required to resolve the claims presented. R. 3:22-10(b). "A prima facie case [for PCR] is established when defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" State

v. Porter, 216 N.J. 343, 355 (2013) (quoting R. 3:22-10(b)). "[A] defendant must do more than make bald assertions that he was denied the effective assistance of counsel." Id. at 355 (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)). Where the PCR judge does not hold an evidentiary hearing, our review of both the factual inferences drawn from the record by the PCR judge and the judge's legal conclusions is de novo. State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020). We generally defer to the PCR court's factual findings when those are "'supported by adequate, substantial[,] and credible evidence.'" State v. Harris, 181 N.J. 391, 415 (2004) (quoting Toll Bros., Inc. v. Twp. of W. Windsor, 173 N.J. 502, 549 (2002)).

II.

A.

Defendants claims his trial counsel was ineffective by bringing up the lost video tape and opening the door for the State to have the officers testify to their observations. However, "complaints 'merely of matters of trial strategy' will not serve to ground a constitutional claim of inadequacy . . . ." Fritz, 105 N.J. at 54 (quoting State v. Williams, 39 N.J. 471, 489 (1963)). "[A] defense attorney's decision concerning which witnesses to call to the stand is 'an art[]' and a court's review of such a decision should be 'highly deferential.'" State v. Arthur, 184

N.J. 307, 321 (2005) (internal citation omitted) (quoting Strickland, 466 U.S. at 689, 693). The decision whether to call a witness is generally informed by the testimony expected to be elicited and the possibility of impeachment. Ibid.

Here, based on the identification of defendant by the victim and two of his co-workers, his arrest two blocks from the scene, and a weapon with his DNA on two spots, defense counsel's reasonable strategy was to attempt to counteract those proofs by challenging the State's loss of allegedly crucial video evidence. This was sound trial strategy based on the overwhelming evidence of defendant's guilt. Additionally, defendant has failed to show a different strategy would have resulted in a different outcome.

### B.

Defendant also claims his counsel did not let him testify. This is belied by the record. Although we have held many times a defendant is constitutionally afforded the right to testify on his behalf, a defendant may waive his right to testify if the waiver is knowingly, voluntarily, and intelligently made. Rock v. Arkansas, 483 U.S. 44 (1987); State v. Savage, 120 N.J. 594, 628 (1990). Defendant knew he had the right to testify because it was addressed by the trial judge with defendant. When the court first addressed defendant, defendant told the court he had not yet discussed his choices with counsel, so the court

continued with witness testimony and addressed defendant afterward. The judge specifically had trial counsel speak with defendant outside the courtroom. When counsel and defendant returned to the courtroom, the judge asked defendant if he had spoken to his lawyer; defendant answered yes. When the judge asked if defendant had enough time to speak with counsel, defendant answered yes. When the judge asked defendant what his decision was on whether he wanted to testify, defendant said, "I'm not going to testify." In response to the judge's question, defendant said he wanted the court to instruct the jury on his right to remain silent and that the jury was to make no adverse inference. Although defendant now argues he should have testified he sold drugs to the victim on multiple occasions and money owed to him by the victim was his reasoning for demanding money from him at the gas station, there is no proof this would have changed the outcome of the case because defendant does not assert he did not stick the weapon into the victim's side. Additionally, the victim's identification would have been reinforced by the number of times he had been with defendant. The trial record shows defendant discussed the decision to testify with counsel and defendant told the judge he had decided not to testify. The arguments offered by defendant are made with the distorting effects of hindsight. In the end, defendant made the voluntary decision not to testify.

A-1701-22

C.

Defendant next asserts his trial counsel failed to request a <u>Wade</u> hearing;[1] failed to adequately test the State's evidence; failed to raise a Fourth Amendment argument regarding the Woodbridge Police Department's taking of a buccal swab from him; and failed to address the issue of whether defendant was ever afforded an opportunity to sign a <u>Miranda</u>[2] waiver card. These claims were properly rejected as too vague and conclusory to warrant post-conviction relief. Defendant made no showing that a pre-trial hearing on identification testimony was warranted and would have resulted in suppression of that evidence. Moreover, the trial record shows trial counsel mounted a reasonable doubt defense at trial and there was no evidence produced by defendant to show trial counsel's performance was deficient or prejudicial under <u>Strickland</u>.

D.

Defendant submits even if defense counsel's alleged individual errors did not deny him effective representation of counsel, cumulatively they were prejudicial. The cumulative error doctrine recognizes "even when an individual

---

[1]  <u>United States v. Wade</u>, 388 U.S. 218 (1967).

[2]  <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

A-1701-22

error or series of errors does not rise to reversible error, when considered in combination, their cumulative effect can cast sufficient doubt on a verdict to require reversal." State v. Jenewicz, 193 N.J. 440, 473 (2008) (citing State v. Koskovich, 168 N.J. 448, 540 (2001)). In State v. Lockett, we applied the doctrine to reverse a defendant's conviction due to "the accumulation of errors," including the improper admission of inflammatory photographs of the victim's body, improper questions on cross-examination of defendant, and other improper comments by prosecutor in summation. 249 N.J. Super. 428, 431-36 (App. Div. 1991). Since we have found each of the allegations made by defendant was without merit, it follows that the cumulative effect was of no harm to defendant.

## III.

The PCR court also correctly determined an evidentiary hearing was not required. As we noted, a hearing on a PCR petition is required only when a defendant presents a prima facie case for relief, the existing record is not sufficient to resolve the claims, and the court decides a hearing is required to resolve the claims. Porter, 216 N.J. at 354. Defendant failed to present a prima facie case for relief. Moreover, the existing record was sufficient to resolve

12

defendant's claims.  The remainder of defendant's arguments lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1701-22